2016 IL App (1st) 143884

SIXTH DIVISION
July 8, 2016

Nos. 1-14-3884, 1-15-0162 & 1-15-1573 (consol.)

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE, CHICAGO LODGE NO. 7; THE CHICAGO POLICE SERGEANTS ASSOCIATION, PBPA UNIT 156A; THE CHICAGO POLICE CAPTAINS ASSOCIATION, PBPA UNIT 156C; and THE CHICAGO POLICE LIEUTENANTS ASSOCIATION, PBPA UNIT 156B, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14 CH 17454 |
| THE CITY CHICAGO; THE DEPARTMENT OF POLICE OF THE CITY OF CHICAGO; and CHICAGO TRIBUNE COMPANY, LLC, | ) ) ) ) ) | |
| Defendants | ) ) | |
| (Fraternal Order of Police, Chicago Lodge No. 7, Plaintiff-Appellee; the Chicago Police Sergeants Association, PBPA Unit 156A, the Chicago Police Captains Association, PBPA Unit 156C, and the Chicago Police Lieutenants Association, PBPA Unit 156B, Plaintiffs and Intervenors-Appellees; the City of Chicago and the Department of Police of the City of Chicago, Defendants-Appellants; the Chicago Tribune Company, LLC, Defendant and Intervenor-Appellant). | ) ) ) ) ) ) ) ) ) ) | Honorable Peter Flynn, Judge Presiding. |

JUSTICE HALL delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion.

OPINION

¶1    In these consolidated interlocutory appeals, defendants the City of Chicago (City) and the Chicago police department (CPD) argue that the circuit court erred in granting preliminary injunctions in favor of plaintiff, Fraternal Order of Police, Chicago Lodge No. 7. The preliminary injunctions enjoin defendants from releasing certain information contained in records generated by police oversight agencies' investigations of citizen complaints of alleged police misconduct.[1] These records, commonly referred to as "Complaint Registers" or "CRs," were requested by defendant-intervenor Chicago Tribune Company, LLC (Tribune), and the Chicago Sun-Times (Sun-Times) pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2012)).

¶2    The Attorney General of Illinois filed an *amicus* brief in support of defendants' position. The Better Government Association along with journalist and author Jamie Kalven and journalist John Conroy also filed an *amicus* brief in support of defendants' position. For the reasons that follow, we vacate the circuit court's grant of the preliminary injunctions.

¶3                              BACKGROUND

¶4    The factual and procedural background giving rise to the issues in these interlocutory appeals is as follows. In August 2014, following our court's decisions in *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 45, and *Kalven v. City of Chicago*, 2014 IL App (1st) 121846, ¶ 32, where we determined that CR files were not exempt from disclosure under the FOIA, the Tribune and Sun-Times submitted FOIA requests to the CPD requesting the disclosure of certain information relating to citizen complaints filed against Chicago police officers between January

---

[1] When a civilian files a complaint against a Chicago police officer, a complaint registry is filed. The CR is then investigated by either the Independent Police Review Authority (IPRA) or the CPD's Bureau of Internal Affairs (BIA), formerly called the Internal Affairs Division (IAD). "CR files contain a wide variety of documents and information pertaining to the initiation, investigation, and resolution of complaints of misconduct made by the public against police officers." *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 20.

1, 1967 to the present. The Tribune and Sun-Times requested a list of the names of police officers who had received at least one complaint, as well as the officer's date of appointment, the complaint category, the CR number, the incident date, the date the complaint was closed, the final finding of the investigation, and any disciplinary action taken. On October 23, 2014, defendants gave notice to plaintiff that they intended to release the requested information from the CR files in response to the FOIA requests.

¶5  Plaintiff filed the underlying four-count verified complaint against defendants for injunctive relief seeking to enjoin release of the requested information relating to the CR files. Count I alleged that section 8 of the Illinois Personnel Record Review Act (Review Act) (820 ILCS 40/8 (West 2008)) applied to prohibit the release of information related to alleged police misconduct where that information was over four (4) years old;[2] count II alleged that release of the requested information would interfere with the plaintiff's ability to seek redress in a pending arbitration concerning the City's alleged breach of section 8.4 of the parties' collective bargaining agreement (CBA) which, plaintiff argued, requires destruction of records of alleged police misconduct once the records reach a certain age;[3] count III alleged defendants violated the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 2008)) by unilaterally changing the terms of the CBA; and count IV alleged defendants violated section 6 of the Review Act by

---

[2]  Section 8 of the Review Act provides that an employer, before releasing personnel-related information to a third party, "shall *** except when the release is ordered to a party in a legal action or arbitration, delete disciplinary reports, letters of reprimand, or other records of disciplinary action which are more than four years old." 820 ILCS 40/8 (West 2008).

[3] Under section 8.4 of the parties' CBA, disciplinary records older than five years after the date of the incident or the date upon which the violation is discovered, whichever is longer, shall be destroyed, except that disciplinary records alleging criminal conduct or excessive force that were not sustained will be retained for seven years after the date of the incident.

failing to provide plaintiff or its members an opportunity to review the requested information for possible inaccuracies.

¶6　　The circuit court subsequently allowed the respective units of the Policeman's Benevolent and Protective Association (PBPA) representing police sergeants, captains, and lieutenants to intervene as plaintiffs. The court likewise granted the Tribune leave to intervene as a defendant.

¶7　　Defendants moved to dismiss the complaint pursuant to a combined motion brought under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2012)), and they filed a memorandum in support. Defendants alleged that counts I and IV were insufficient as a matter law and should be dismissed pursuant to section 2-615 of the Code, arguing that the Review Act provided no basis to withhold documents that were required to be disclosed under the FOIA; defendants also alleged that plaintiff's Review Act claims were barred by other affirmative matter defeating the claims pursuant to section 2-619(a)(9) of the Code and should be dismissed on the ground that plaintiff had not exhausted the administrative remedies required by the Review Act prior to filing suit.

¶8　　Defendants also alleged that count II was insufficient as a matter law and should be dismissed pursuant to section 2-615 of the Code. Defendants argued that plaintiff could not obtain an injunction barring disclosure of the records at issue under the FOIA pending arbitration as requested in count II, because whether or not the CPD violated section 8.4 of the CBA by retaining and failing to destroy these records was not material to the question of whether the records were subject to disclosure under the FOIA. And finally, defendants alleged that count III should be dismissed because there was no basis for the circuit court to stay release of the requested records pending resolution of the state labor board proceedings.

¶9     On December 19, 2014, the circuit court entered an order with an accompanying explanatory order as to the motion to dismiss and preliminarily enjoined the release of certain requested information.  The court dismissed count III with prejudice. In regard to the Review Act claims in counts I and IV of the complaint, the court struck count IV with leave to replead and stayed the claims contained in both counts pending plaintiff proceeding on these claims before the Illinois Department of Labor.   In regard to the CBA claim set forth in count II of the complaint, the court stayed this claim pending the previously scheduled arbitration.

¶10    In the portion of the order granting the preliminary injunction, the court stated in part: "On balance, the interests of justice require that the status quo be maintained until Plaintiffs [*sic*] claims under the Illinois Personnel Record Review Act and the Collective Bargaining Agreement can be adjudicated on the merits."   The order preliminarily enjoined the defendants from releasing the requested information "without first removing, redacting or otherwise deleting any information that is more than four years old as of the date of the Freedom of Information Act requests."  The order included a statement that it constituted a preliminary injunction, which was immediately appealable under Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010).

¶11    On December 26, 2014, pursuant to Rule 307(a)(1), the City and the CPD filed a notice of interlocutory appeal from the circuit court's order granting the preliminary injunction and from the court's accompanying explanatory order.  The interlocutory appeal was docketed as No. 1-14-3884. Defendant Tribune filed its interlocutory appeal on January 16, 2015, which was docketed as No. 1-15-0162.  These interlocutory appeals were consolidated.

¶12     Plaintiff subsequently filed its Review Act claims with the Illinois Department of Labor (DOL).  On February 24, 2015, the DOL issued an order staying proceedings pending resolution of scheduled arbitrations relating to section 8.4 of the CBA.[4]

13     On May 27, 2015, the circuit court entered a second preliminary injunction enjoining the City from releasing any CR files more than four years old as of the date of the FOIA request, pending further order of the circuit or appellate courts.  The second preliminary injunction bars the City from releasing not only the lists of summary CR file information requested by the Tribune and Sun-Times, but also the underlying CR files.  The City filed an interlocutory appeal from this second preliminary injunction, which was docketed as No. 1-15-1573, and consolidated with the first two interlocutory appeals.

¶14     On November 4, 2015, arbitrator Jules I. Crystal determined plaintiff had established, by a preponderance of the evidence, that the City had violated section 8.4 of the CBA by failing to purge CR files and disciplinary records from the online system.  The arbitrator issued an award in favor of plaintiff, ordering the City to purge its online system of records of police misconduct investigations and discipline more than five years old.  The City subsequently requested clarification of the award, particularly the remedy.

¶15     On December 3, 2015, the circuit court entered an order precluding the City from complying with any arbitration award requiring the deletion or destruction of the subject records without first providing at least two weeks' notice to all parties.  The order remains in effect.

¶16     On December 7, 2015, the United States Department of Justice (DOJ) announced that pursuant to the Violent Crime Control and Law Enforcement Act of 1994 (42 U.S.C. § 13701 *et seq*. (2006)) it had opened a civil pattern or practice investigation of the CPD focusing on

---

[4] At all relevant times, there have been two grievances pending concerning the defendants' alleged failure to destroy certain disciplinary records consistent with section 8.4 of the CBA.

allegations of use of excessive force and discriminatory policing. In connection with the investigation, the DOJ sent the City a document preservation request and document preservation notice requesting the City and the CPD to preserve all existing documents related to all complaints of misconduct against Chicago police officers, including documents related to the investigations into and discipline imposed because of such alleged misconduct. In a follow-up communication, the DOJ clarified that its document preservation request was intended to cover all officer misconduct complaint and disciplinary files maintained by the CPD, including those that were the subject of the two pending arbitration cases.

¶17 On January 12, 2016, arbitrator George T. Roumell issued an interim award in favor of plaintiff, which among other things, remanded the matter back to the parties to negotiate a time line and method on how to implement his findings that the City should be directed to destroy all disciplinary records covered by section 8.4 of the CBA, absent a contractual exception.

¶18 On January 29, 2016, while the City's request for clarification of arbitrator Crystal's award was still pending before the arbitrator, the City filed a petition in the circuit court seeking to vacate the award. The matter was docketed in the circuit court under case No. 16 CH 1309 and was transferred to the judge hearing these suits as a related case and currently remains stayed pending further order of the circuit court.

¶19 On February 29, 2016, arbitrator Crystal granted the City's request for clarification and issued a new award. The arbitrator determined that in "light of recent developments," which had transpired since his last award, he had come to agree with the City that the contract provision at issue, section 8.4 of the CBA, was in "direct contravention of what has become a clear and predominant public policy–a public policy that has been embraced by recent judicial pronouncements and mirrored in the language of existing legislation. With respect to the latter,

the language of FOIA, the Public Records Act and the Local Records Act supports the trend towards disclosure." Arbitrator Crystal directed the parties to negotiate a new substitute provision for section 8.4 and agree on "a provision that addresses the pertinent issues and concerns raised by both parties and that is not inconsistent with court rulings, judicial pronouncements and/or legislative enactments."

¶20 On April 28, 2016, arbitrator Roumell issued a final award altering his previous interim award and denied the plaintiff's grievances "for the reasons of the public policy involved in the request of the U.S. Department of Justice, and only for this reason." On May 2, 2016, plaintiff filed a motion requesting that the arbitrator reconsider or clarify his final award. The City submitted its response opposing the request. The parties are currently awaiting a ruling by the arbitrator.

¶21 The circuit court has held periodic status hearings and has been advised of the parties' proceedings before the arbitrators. Status hearings were held on March 21, 2016, and April 19, 2016, and the next status hearing was set for June 21, 2016. The circuit court has maintained the status quo pending resolution of the arbitration.

¶22 Pursuant to Rule 307(a)(1), defendants' interlocutory appeals from the circuit court's orders granting the preliminary injunctions entered on December 19, 2014, and May 27, 2015, are the only matters before this court.[5]

¶23                               ANALYSIS

¶24 Defendants contend the circuit court erred by granting the preliminary injunctions in favor of plaintiff, arguing that plaintiff has no likelihood of success on the merits of its claims

---

[5] The concurring Justices were first notified on May 11, 2016, that they were part of the designated panel to hear these cases, which were then set for oral argument on June 16, 2016.

that the Review Act and CBA preclude disclosure of the records at issue under the FOIA. We agree.

¶25    The purpose of a preliminary injunction is to preserve the status quo pending a decision on the merits of the case. *Beahringer v. Page*, 204 Ill. 2d 363, 379 (2003). A preliminary injunction is an extraordinary remedy applicable only in extreme emergency situations where serious harm would result if not issued. *Id.*

¶26    A circuit court's decision to grant or deny a preliminary injunction is generally reviewed for an abuse of discretion. *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62-63 (2006). However, where as here, when the circuit court's determination regarding the grant of a preliminary injunction involves statutory interpretation, the appropriate standard of review is *de novo*. *Kalbfleisch v. Columbia Community Unit School No. 4*, 396 Ill. App. 3d 1105, 1112 (2009). Accordingly, we apply *de novo* review.

¶27    In order to obtain preliminary injunctive relief, the party seeking the injunction must establish by a preponderance of the evidence: (1) a clearly ascertained right in need of protection; (2) irreparable injury in the absence of the injunction; (3) the lack of an adequate remedy at law; and (4) a likelihood of success on the merits of the case. *Mohanty*, 225 Ill. 2d at 62.

¶28    Additionally, although not a factor the circuit court must consider when deciding whether to issue a preliminary injunction, when the injunction implicates important public interests, the court should consider the effect such injunctive relief might have upon the public. See *Douglas Theater Corp. v. Gold Standard Enterprises, Inc.*, 188 Ill. App. 3d 573, 579 (1989); *Biggs v. Health & Hospitals Governing Comm'n*, 55 Ill. App. 3d 501, 506 (1977). The court should deny

injunctive relief where it will cause serious harm to the public without a corresponding great advantage to the movant. *Douglas Theater Corp.*, 188 Ill. App. 3d at 579.

¶29 Plaintiff suggests that the privacy rights of Chicago police officers should be balanced against the public's interest in disclosure under the FOIA. However, our General Assembly has already engaged in the necessary balancing of the privacy rights of individuals against the public's right to access government information by providing certain exemptions to disclosure under the FOIA. Moreover, with respect to public employees, section 7(1)(c) of the FOIA expressly states that "The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(1)(c) (West 2012).

¶30 The only factor in the preliminary injunction analysis at issue here is the plaintiff's likelihood of success on the merits. "To show a likelihood of success on the merits, a party is not required to make out a case which would, in all event, warrant relief at a final hearing." *Armstrong v. Crystal Lake Park District*, 139 Ill. App. 3d 991, 997 (1985). "In order to show a likelihood of success on the merits, the petitioner need raise only a fair question as to the existence of the right claimed." *McRand, Inc. v. van Beelen*, 138 Ill. App. 3d 1045, 1050 (1985). Here, we find plaintiff has failed to raise fair questions as to the existence of the rights claimed under section 8.4 of the parties' CBA and under section 8 of the Review Act, and therefore has not shown any likelihood of success on the merits.

¶31 One of plaintiff's primary rationales for requesting the preliminary injunctions was to preserve the status quo to allow the arbitrators to determine if the City breached section 8.4 of the CBA by continuing to retain CR files and related information of a certain age and, if so, to determine an appropriate remedy. Plaintiff contends the circuit court properly entered the

preliminary injunctions to protect the arbitral process and avoid invading the purview of the arbitrator. The remedy plaintiff seeks at arbitration is to have the arbitrators order the City to "comply with Section 8.4 by destroying records more than five years old forthwith."

¶32    However, this remedy would not be enforceable if it impeded the defendants from complying with the pending FOIA requests. Enforcement of an arbitration award requiring destruction of the requested records on the ground that the City breached section 8.4 of the CBA would violate the FOIA as well as the public policy underlying the General Assembly's adoption of the Act.

¶33    "Public records are presumed to be open and accessible." *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009). "[T]he purpose of the FOIA is 'to open governmental records to the light of public scrutiny.' " *Watkins*, 2012 IL App (1st) 100632, ¶ 13 (quoting *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378 (1989)). The FOIA is given a liberal construction in furtherance of the legislative objective of providing easy public access to governmental information. *Gekas v. Williamson*, 393 Ill. App. 3d 573, 580 (2009).

¶34    The public policy underlying the General Assembly's adoption of the FOIA is stated in section 1 of the act, which provides in relevant part:

> "Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed

political judgments and monitoring government to ensure that it is being conducted in the public interest.

The General Assembly hereby declares that it is the public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government. It is a fundamental obligation of government to operate openly and provide public records as expediently and efficiently as possible in compliance with this Act." 5 ILCS 140/1 (West 2012).

¶35    In light of these public policy considerations and the purpose of the FOIA to open governmental records to the light of public scrutiny, an award in the pending arbitration proceedings would be unenforceable if it circumvented the City's required compliance with the FOIA requests at issue. Although arbitration is a favored method of dispute resolution in both Illinois and federal courts (*QuickClick Loans, LLC v. Russell*, 407 Ill. App. 3d 46, 52 (2011)), an arbitration award may not stand if it results in the contravention of paramount considerations of public policy. *Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600*, 74 Ill. 2d 412, 423-24 (1979). In addition, "[a]s with any contract, a court may not enforce a collective-bargaining agreement in a manner that is contrary to public policy." *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 318 (1996).

¶36    It is undisputed that CR files and related information are subject to disclosure under the FOIA in the absence of an applicable exemption. *Watkins*, 2012 IL App (1st) 100632, ¶ 13; *Kalven*, 2014 IL App (1st) 121846, ¶ 32. "A public body must comply with a valid request for information unless one of the narrow statutory exemptions set forth in section 7 of the FOIA applies." *Watkins*, 2012 IL App (1st) 100632, ¶ 13. In this case, the circuit court identified no

exemption that would permit denial of the FOIA requests at issue because of a purported breach of a collective bargaining agreement and no such exemption exists.

¶37    Plaintiff nevertheless suggests that the questions of whether the City breached section 8.4 of the parties' CBA, and if so, whether the arbitral remedy it requested is appropriate, are questions that should not be decided or reviewed by a court until after the arbitrators issue their awards. According to plaintiff, the preliminary injunctions "preserve the full array of remedies for the arbitrator to consider." Plaintiff asserts that if the arbitrator orders a remedy either party finds unsatisfactory, that party can seek to vacate or modify the order. Plaintiff maintains that this is the only procedure, which both respects the arbitral process and avoids having our court issue an advisory opinion. We disagree with this analysis.

¶38    The remedy plaintiff seeks in arbitration for the City's alleged breach of section 8.4 of the CBA is the destruction of records which are within the scope of the Tribune's and Sun-Times' respective FOIA requests. However, an arbitration order directing the destruction of the requested records as a result of a breach of section 8.4 of the CBA would be unenforceable to the extent it would prevent disclosure under the FOIA. Therefore, there was no legal basis for the circuit court to enjoin defendants from releasing the requested records in order to allow plaintiff to pursue a legally unenforceable remedy at arbitration. The circuit court erred by issuing the injunctions in aid of the arbitrations.

¶39    We also find the circuit court erred in concluding that plaintiff was entitled to preliminary injunctions on the ground that it "raised a fair question about the existence of its members' rights" under the Review Act. The court, in its order of December 19, 2014, preliminarily enjoined defendants from releasing the requested records "without first removing, redacting or otherwise deleting any information that is more than four years old as of the date of the Freedom

of Information Act requests." This four year cut-off period is found in section 8 of the Review Act, which provides that an employer, before releasing information to a third party, "shall *** except when the release is ordered to a party in a legal action or arbitration, delete disciplinary reports, letters of reprimand, or other records of disciplinary action which are more than 4 years old." 820 ILCS 40/8 (West 2008).

¶40     We have previously held that the Review Act does not exempt CR-related information from disclosure under the FOIA. *Watkins*, 2012 IL App (1st) 100632, ¶¶ 41-42. In *Watkins*, the plaintiff submitted a FOIA request to the CPD seeking the release of documents relating to investigations of complaints of misconduct made against two police officers. The CPD refused to release the requested documents claiming among other things that the disclosure would violate section 8 of the Review Act.

¶41     The *Watkins* court rejected the CPD's argument on two grounds. The court stated that "[a]s we read section 8, it arguably would not prohibit disclosure of disciplinary actions if ordered to be disclosed pursuant to a FOIA action." *Id.* ¶ 42. The court also observed that section 11 of the Review Act specifically stated that the Act "shall not be construed to diminish a right of access to records already otherwise provided by law." 820 ILCS 40/11 (West 2008). Based on this language, the court determined that the Review Act was not a state law that would prohibit a FOIA disclosure of information contained in CR files. *Id.* Thus, under *Watkins*, the Review Act does not provide a basis to withhold CR related information requested under the FOIA.

¶42     Plaintiff raises a number of arguments in an attempt to distinguish the present case from *Watkins*. None of the arguments are persuasive.

¶43    Plaintiff argues that *Watkins* is distinguishable because it did not discuss the impact of section 7.5(q) of the FOIA, which exempts from disclosure "Information prohibited from being disclosed by the Personnel Records Review Act." 5 ILCS 140/7.5(q) (West 2014). This section does not alter our analysis.

¶44    The version of the FOIA discussed and applied in *Watkins* contained section 7(1)(a) (5 ILCS 140/7(1)(a) (West 2008)), under which information whose disclosure would violate any state or federal law is exempt from disclosure. The particular state law invoked in *Watkins* was the Review Act. In *Watkins*, we were required to determine whether the Review Act prohibited the disclosure of CR files and we concluded there was no bar to disclosure.

¶45    Section 7.5(q), like section 7(1)(a), exempts information "to the extent" it is barred from disclosure by statute, and lists the Review Act by name. Thus, section 7.5(q) requires the same analysis as section 7(1)(a), namely, whether the Review Act prohibits disclosure. Pursuant to *Watkins*, the Review Act does not bar disclosure of the records requested in this case under the FOIA.

¶46    Our conclusion is supported by the General Assembly's amendment of section 11 of the Review Act. Section 11 formerly provided that "This Act shall not be construed to diminish a right of access to records already otherwise provided by law." 820 ILCS 40/11 (West 2008). The General Assembly amended this section by adding the following italicized language, "This Act shall not be construed to diminish a right of access to records already otherwise provided by law, *provided that disclosure of performance evaluations under the Freedom of Information Act shall be prohibited*." (Emphasis added.) 820 ILCS 40/11 (West 2010). Based on the principle of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another), the General Assembly's amendment of section 11 of the Review Act raises the inference that the

legislature intended that section 11 exempt only "performance evaluations" from FOIA disclosure.

¶47     Plaintiff next contends the defendants should be prohibited from releasing the requested records until ordered to do so by a court or an arbitrator because section 8 of the Review Act allows disclosure only "when the release is ordered to a party in a legal action or arbitration." 820 ILCS 40/8 (West 2008).  Again, we disagree.

¶48     It would be illogical and unreasonable to construe section 8 of the Review Act to require defendants to deny a valid FOIA request just to invite a FOIA lawsuit or arbitration that would result in a court order or arbitration award to disclose the CR information when such an order or award is inevitable in light of our holding in *Watkins* and where such proceedings would subject defendants to attorney fees pursuant to section 11 of the FOIA. See 5 ILCS 140/11(i) (West 2014) (prevailing requester in FOIA action entitled to attorney fees and costs).  "In construing a statute, courts presume that the General Assembly, in the enactment of legislation, did not intend absurdity, inconvenience, or injustice." *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000).

¶49     Plaintiff next suggests that the CR files at issue are personnel files exempt from disclosure under the Review Act. Plaintiff asserts that the fact that section 11 of the Review Act was amended to specifically exempt performance evaluations from disclosure under the FOIA does not mean that everything else in a personnel file is fair game.  Plaintiff contends that although the *Watkins* court determined that CR files are not personnel files under the prior version of the FOIA, the court did not review whether these files are personnel files as defined in the Review Act.  According to plaintiff, section 2 of the Review Act broadly defines personnel files to include documents "which are, have been or are intended to be used in determining that

employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action." 820 ILCS 40/2 (West 2014).

¶50 We reject plaintiff's arguments because they fail to address one of the key bases for this court's holding in *Watkins*, namely that CR files are not personnel files in any sense because they pertain to the "initiation, investigation, and resolution of complaints of misconduct made by the public against police officers." *Watkins*, 2012 IL App (1st) 100632, ¶ 20; accord *Gekas v. Williamson*, 393 Ill. App. 3d 573, 583-84 (2009).

¶51 Plaintiff finally suggests that the CR files at issue are disciplinary records exempt from disclosure under the Review Act. Plaintiff contends that although the *Kalven* court determined that CR files are not disciplinary files under the FOIA, the court did not address whether these files are disciplinary files under the Review Act. This argument suffers from similar shortcomings as plaintiff's previous arguments regarding the personnel-file exemption.

¶52 The *Kalven* court did not merely reject the suggestion that CR files fall within the scope of the FOIA exemption for " '[r]ecords relating to a public body's adjudication of *** disciplinary cases.' " *Kalven*, 2014 IL App (1st) 121846, ¶ 11 (quoting 5 ILCS 140/7(1)(n) (West 2010)). Rather, the court concluded that CRs are investigatory in nature and not at all disciplinary, stating, "While information obtained during the investigation may potentially be introduced during adjudication of a disciplinary case, a CR does not initiate that adjudication, nor can CRs themselves be considered disciplinary." *Kalven*, 2014 IL App (1st) 121846, ¶ 20.

¶53 "CR files contain a wide variety of documents and information pertaining to the initiation, investigation, and resolution of complaints of misconduct made by the public against police officers." *Watkins*, 2012 IL App (1st) 100632, ¶ 20. A citizen complaint, an officer's date of appointment, the complaint category, the CR number, the incident date, the date the complaint

was closed, and a finding of unfounded do not constitute a disciplinary report, letter of reprimand, or other record of disciplinary action that would require an inquiry under section 8 of the Review Act as plaintiff suggests. Moreover, even if the CR database's notation of a "penalty" fell within the ambit of section 8 of the Review Act as a "disciplinary report," that outcome must still be disclosed under the FOIA. Section 7(1)(n) of the FOIA expressly states that "the final outcome of cases in which discipline is imposed" is not exempt from disclosure, and section 7(1)(c) of the act admonishes that "The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(1)(n), (1)(c) (West 2012).

¶54 In conclusion, as a matter of law, neither the Review Act nor the pendency of the parties' arbitrations under the CBA interfere with the defendants' obligation to disclose the requested records in their possession under the FOIA, where, as here, no exemptions apply. The preliminary injunctions must be vacated because they prevent defendants from complying with the disclosure requirements of the FOIA.

¶55 For the foregoing reasons, we vacate the circuit court's orders granting plaintiff's preliminary injunctions.

¶56 Vacated.